# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE MAMON, #M09351, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−2095−SMY |
| ) | |
| JOHN DOE, ) | |
| M. SIDDIQUI, ) | |
| JACQUELINE LASHBROOK, ) | |
| DR. SMITH, ) | |
| DR. RITZ, ) | |
| WEXFORD HEALTH SOURCES, INC. ) | |
| and V. SHAH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andre Mamon, an inmate who is in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he slipped and fell on wet stairs at Menard and sustained a serious head injury. (Doc. 1, pp. 1-37). He further claims that as the wound healed, he developed a hemangioma tumor[1] that remained untreated for a year before rupturing and requiring emergency surgery. Plaintiff brings claims against the defendants under the Eighth Amendment for unconstitutional conditions of confinement and inadequate medical care. He seeks declaratory judgment and money damages. (Doc. 1, p. 17).

---

[1] A hemangioma is a red spongy mass of blood vessels that is usually present at birth. The benign tumor can occur anywhere on the body and typically disappears over time. Unless it interferes with breathing, hearing, or vision, no treatment is necessary. If problems arise, surgery may be warranted. *See* https://www.mayoclinic.org/diseases-conditions/hemangioma/symptoms-causes/syc-20352334.

1

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: On March 24, 2017, Plaintiff slipped and fell down wet stairs at Menard. (Doc. 1, p. 37). An unknown sanitation officer ("John Doe") failed to maintain dry and clean floors. Plaintiff filed an emergency grievance to address these conditions, but Warden Lashbrook disregarded it. (*Id*. at p. 10).

Plaintiff sustained a deep laceration on the right side of his head that required nine staples to close. As the wound healed, he developed a painful "ball-like knot" in its place. (*Id*. at pp. 8-10). This coincided with headaches and blurred vision. At times, the mass bled profusely.

Plaintiff sought treatment in Menard's health care unit (HCU). Doctor Siddiqui initially diagnosed the mass as a cyst. After observing significant blood loss when attempting to remove it, Doctor Shah diagnosed Plaintiff with a hemangioma tumor (*i.e.*, organized hematoma). For a year, Plaintiff continued to complain of blurred vision and headaches to both doctors. (*Id*. at p. 31). He requested treatment with an outside specialist. Doctors Smith and Ritz (Wexford's Utilization Management Team) denied Plaintiff's requests for a referral, in furtherance of Wexford's policy of denying inmates necessary medical care to reduce costs. (*Id*. at pp. 23-36).

In April 2018, the mass ruptured. (*Id*. at pp. 27-29). Plaintiff was sent to the hospital for

emergency surgery, and a 3.5-centimeter tumor was removed from his head. (*Id*. at p. 29). Warden Lashbrook denied his related grievances seeking treatment before and after the surgery. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Eighth Amendment claim against John Doe and Warden Lashbrook for failing to maintain dry and clean floors at Menard in March 2017.
>
> **Count 2:** Eighth Amendment claim against Defendants Siddiqui, Shah, Smith, Ritz, Wexford, and Lashbrook for responding with deliberate indifference to Plaintiff's complaints of headaches, blurred vision, and a painful tumor on his head from March 2017 until April 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Count 1

The Eighth Amendment prohibits cruel and unusual punishment of incarcerated persons. U.S. CONST. amend. VIII. An Eighth Amendment claim for unconstitutional conditions of confinement arises when defendants respond to a substantial risk of harm posed to a plaintiff's health or safety with deliberate indifference. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). However, slip-and-fall accidents do not typically support a constitutional claim.[3] *Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) ("Federal courts consistently have adopted the view that

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[3] *See also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) ("[P]risoner slip-and-fall claims almost never serve as the predicate for constitutional violations."); *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. Appx. 438, 439 (5th Cir. 2008) (slip-and-fall complaint deemed frivolous); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (wet floors pose no substantial risk of serious harm); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (standing water problem known to prison officials posed no substantial risk of serious harm); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment").

slippery surfaces . . . in prisons, without more, cannot constitute a hazardous condition of confinement."). This is because the Eighth Amendment does not require prison officials to provide an environment that is free from safety hazards. *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001).

The wet and dirty stairs described in the Complaint are temporary conditions. Further, the allegations do not suggest that John Doe or Warden Lashbrook were aware of the conditions before the accident occurred. By all indications, both individuals learned about the wet and dirty stairs after Plaintiff fell, and he reports no other incidents. Therefore, Count 1 does not survive screening and will be dismissed with prejudice against both defendants.

**Count 2**

An Eighth Amendment claim based on the denial of medical care requires the plaintiff to show that (1) he suffered from an objectively serious medical condition; and (2) each defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). A condition that significantly affects an individual's daily activities or involves chronic and substantial pain is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's hemangioma satisfies the objective element of this claim at screening because he describes a tumor that was painful to the touch, coincided with chronic headaches, and interfered with his vision. The allegations also satisfy the subjective component of this claim against Doctors Siddiqui and Shah, who were both allegedly aware of Plaintiff's symptoms for a year and took no steps to treat the condition; Doctors Smith and Ritz, who allegedly denied Plaintiff's request for a referral to an outside specialist; Wexford, for its alleged policy of routinely denying inmates necessary medical care (including Plaintiff's request for a referral) in order to save money; and Warden Lashbrook, who allegedly denied Plaintiff's

4

repeated grievances (including emergency grievances) requesting further treatment with a specialist.

Count 2 is subject to further review against all of the defendants except John Doe who is not named in connection with this claim and had no personal involvement in the decision to treat Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (plaintiff must plead that each defendant, through his or her own individual actions, violated the Constitution).

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes letters he sent to attorneys seeking representation and states that none agreed to take his case. However, he did not provide the Court with any letters or responses. Without more information, the Court cannot conclude that his efforts were reasonable. Beyond this, Plaintiff appears competent to litigate this case. His pleadings are well-organized and coherent, and the single surviving claim is straightforward. Plaintiff describes some impediments to self-representation (*e.g.*, high school education, mental illness, and high blood pressure), but he does not explain how these impediments prevent him from representing himself in this case. Plaintiff is currently incarcerated at the facility where his claim arose, so he should have access to the information, witnesses, and evidence necessary to litigate his claim. The Court therefore declines to recruit counsel at this time.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** will receive further review against Defendants **SIDDIQUI, SMITH, RITZ, SHAH, LASHBROOK** and **WEXFORD.** However, this claim is **DISMISSED** with prejudice against John Doe for failure to state a claim.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim against Defendants **JOHN DOE** and **JACQUELINE LASHBROOK**. The Clerk is **DIRECTED** to **TERMINATE** Defendant **JOHN DOE** as a party in CM/ECF.

**IT IS ALSO ORDERED** that, with respect to **COUNT 2**, the Clerk of Court shall prepare for Defendants **SIDDIQUI, SMITH, RITZ, SHAH, LASHBROOK,** and **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Court**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**