# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE MAMON, #M09351, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02095-SMY |
| | ) |
| M. SIDDIQUI, | ) |
| JACQUELINE LASHBROOK, | ) |
| DR. SMITH, | ) |
| DR. RITZ, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and DR. VIPIN SHAH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andre Mamon, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he sustained a serious head injury when he slipped and fell on wet stairs at Menard, developed a hemangioma tumor that was accompanied by headaches and blurred vision, was denied treatment for a year, and that the tumor ultimately ruptured and required emergency surgery.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claim:

> **Count 2:** Eighth Amendment claim against Defendants Siddiqui, Shah, Smith, Ritz, Wexford, and Lashbrook for responding with deliberate indifference to Plaintiff's complaints of headaches, blurred vision, and a painful tumor on his head from March 2017 until April 2018.

(Doc. 8, pp. 5-6). Pursuant to the Initial Scheduling and Discovery Order, Plaintiff had until September 3, 2019 to file a motion for leave to amend the Complaint to include any additional

1

claims or parties. (Doc. 41, pp. 2-3). Plaintiff's Motion and proposed Amended Complaint were belatedly transmitted to the Court on September 27, 2019, through no fault of Plaintiff, and were entered effective August 6, 2019. (See Docs. 58, 62). The Court denied the Motion because the proposed amendment violated Local Rule 15.1. (Doc. 62). However, Plaintiff was granted additional time to bring the proposed Amended Complaint into compliance with the Local Rule. *See* SDIL-LR 15.1.

On October 7, 2019, Plaintiff filed another Motion for Leave to Amend Complaint (Doc. 63) in which he seeks to assert additional claims and names additional parties. All defendants except Jacqueline Lashbrook filed a Response objecting to the proposed amendment on the basis that it represents an entirely new Complaint that adds claims and parties not already involved in the action, and that an amendment at this stage—following submission of motions for summary judgment on the issue of exhaustion—would be unfairly prejudicial.[1] (Doc. 64). Defendant Lashbrook filed a Motion to Join Co-Defendants' Objections. (Doc. 65). Plaintiff's Motion for Leave to Amend Complaint (Doc. 63) and Defendants' Responses (Doc. 64 and 65) are now before the Court.

## AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Plaintiff's motion is timely[2] and complies with Local Rule 15.1. As the Amended Complaint is also subject to review under 28 U.S.C. § 1915A,[3] the Court will screen the

---

[1] This argument is without merit as the Initial Scheduling and Discovery Order set the deadline for amending the Complaint after the deadline for filing a motion for summary judgment on the issue of exhaustion.

[2] The Court extended the deadline to file an amended complaint until October 30, 2019. (*See* Doc. 62).

[3] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

proposed Amended Complaint in accordance with this statute in conjunction with its consideration of Plaintiff's Motion.

In his Amended Complaint, Plaintiff asserts 8 separate claims against the previously identified defendants (Wexford, Siddiqui, Shah, Ritz, Smith, Lashbrook) and 5 additional individuals (John Baldwin, Moldenhauer, Angela Crain, Kelly Pearce, and John Doe (unknown doctor)). However, the factual allegations offered in support of these claims are substantially the same as those he set forth in the original Complaint. Plaintiff still alleges that he was denied adequate and timely medical care for his hemangioma tumor, headaches, and blurred vision, and he identifies additional policies that allegedly caused the delay in his treatment.

Consistent with the characterizations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

**Count 1:** Eighth Amendment claim against Wexford for delaying Plaintiff's medical care for a hemangioma tumor, headaches, and blurry vision by instituting a policy of understaffing the prison healthcare unit.

**Count 2:** Eighth Amendment claim against Wexford, enforced by Siddiqui, Shah, Moldenhauer, Ritz, and Smith, for unnecessarily prolonging Plaintiff's pain and suffering associated with his hemangioma tumor, headaches, and blurred vision by instituting a policy of providing inadequate pain medication to inmates.

**Count 3:** Illinois state law claim against Wexford, Siddiqui, Shah, Ritz, Moldenhauer, Smith, and John Doe #1 for intentionally inflicting emotional distress on Plaintiff.

**Count 4:** Eighth Amendment claim against Wexford, Lashbrook, and Baldwin for turning a blind eye to the inadequate medical treatment provided to inmates at Menard.

**Count 5:** Illinois state law claim against Wexford, Lashbrook, and Baldwin for intentionally inflicting emotional distress on Plaintiff.

**Count 6:** Constitutional claim against Wexford, Baldwin, Lashbrook, Siddiqui, Ritz, Crain, Shah, and Pearce for their repeated violations of the constitutional rights of inmates.

**Count 7:** Eighth Amendment claim for failing to maintain dry and clean floors at Menard.

**Count 8:** Eighth Amendment claim against Defendants Siddiqui, Shah, Smith, Ritz, Wexford, and Lashbrook for responding with deliberate indifference to Plaintiff's complaints of headaches, blurred vision, and a painful tumor on his head from March 2017 until April 2018.

In effect, Plaintiff has divided Count 2 into five separate claims (Counts 1, 2, 4, 6, and 8) and named additional defendants in connection with them. Counts 1, 2, 4, and 8 survive screening, just as Count 2 did in the original merit review order. (Doc. 8). These claims will receive further review against each individual named in connection with the claims above. However, all other claims will be dismissed.

Counts 3, 5, and 6 are unsupported by sufficient facts to satisfy the *Twombly* pleading standard. *See also Ashcroft v. Iqbal*, 29 S. Ct. 1937, 1949 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, these claims will be dismissed without prejudice.

Count 7 represents nothing more than an attempt by Plaintiff to reinstate Count 1 which was dismissed with prejudice at screening. (Doc. 8). For the same reason, Count 7 will be dismissed with prejudice.

## DISPOSITION

Pursuant to Rule 15, and after review of the proposed Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint (Doc. 33) and **GRANTS** Defendant Lashbrook's Motion to Join Co-Defendants' Objection. The Clerk is **DIRECTED** to file the Amended Complaint submitted to the Court on October 7, 2019, and to add **Nurse Practitioner Moldenhauer** and **John Baldwin** to the docket as defendants.

The following claims are subject to further review:

- **COUNT 1** against Defendant **WEXFORD**;
- **COUNT 2** against Defendants **WEXFORD, SIDDIQUI, SHAH, MOLDENHAUER, RITZ,** and **SMITH**;
- **COUNT 4** against Defendants **WEXFORD, LASHBROOK,** and **BALDWIN**;
- **COUNT 8** against Defendants **SIDDIQUI, SHAH, SMITH, RITZ, WEXFORD,** and **LASHBROOK**.

However, **COUNTS 3, 5,** and **6** are **DISMISSED** without prejudice and **COUNT 7** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Further, the Clerk of Court shall prepare for **Moldenhauer** and **Baldwin**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, the original Merit Review Order (Doc. 8), and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 8) and in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers.**

Defendants are **ORDERED** to file a Motion for Summary Judgment on the Issue of Exhaustion of Administrative, if at all, within sixty (60) days of answering the Amended Complaint. **If Defendants decide prior to this date that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

Defendant Vipin Shah's Motion for Summary Judgment (Doc. 46) is hereby **DISMISSED** as being **MOOT**, in light of this Order. However, dismissal of the motion is without prejudice to defendant re-filing the motion on or before the newly-imposed summary judgment deadline.

5

**IT IS SO ORDERED.**

**DATED: 11/1/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**